### BAUMGART v. REINSTEIN et al.
### No. 10176.

Court of Civil Appeals of Texas. Galveston.
Jan. 23, 1936.

W. J. Embrey, of Brenham, for appellant.

Searcy & Hodde (now Hodde & Bouldin), of Brenham, for appellees.

LANE, Justice.

Ernest H. Baumgart, independent executor of the will and estate of his father, Otto E. Baumgart, deceased, brought this suit against Wm. Reinstein. For cause of action plaintiff substantially alleged that on the 21st day of May, 1931, Otto E. Baumgart executed and delivered to Eula Koller his promissory note for the sum of $2,500 payable to Eula Koller one year after date, together with 8 per cent. interest per annum; that said note provided for the usual 10 per cent. attorney's fees; that to secure payment of the note the maker thereof executed and delivered to D. C. Giddings, trustee, a deed of trust on 76 acres of land in Washington county, Tex., a part of the Joel Lakey league, said land being fully described in said deed of trust, recorded in Volume I, p. 230, Deed of Trust Records of Washington County, Texas. (The land is not otherwise described in the pleadings of any of the parties to the suit, but it is fully described in the deed of trust introduced in evidence, shown in the statement of facts.)

Plaintiff further alleged that on May 31, 1933, Otto E. Baumgart died; that he left a will, which was duly probated; that plaintiff was independent executor of said will and of the estate of the testator; that all interest due on said note up to February 21, 1933, had been paid; that on September 23, 1933, Mrs. Koller sold and assigned the note and lien to Anton Modrzejewski for $2,680, purportedly the principal of the note and interest due thereon from February 21, 1933, to September 23, 1933; that on January 18, 1934, said assignee assigned the note and lien to secure same to Wm. Reinstein; that after the note and lien had been assigned to Reinstein, Ernest Baumgart, executor, tendered to Reinstein the sum of $2,698.90, that sum being the principal sum of the note and the accrued and unpaid interest on the same, in satisfaction and discharge of the note and lien, but Wm. Reinstein refused to accept such sum of money so tendered to him, claiming a greater amount was due thereon, by reason of which the plaintiff tendered into court the said sum of $2,698.90, principal and interest on said note, and prayed that the defendant be required to accept such sum of money in discharge of the note and lien, and that the same be canceled and the cloud be removed from the title, and the same be declared free of such debt and lien.

Wm. Reinstein and Anton Modrzejewski, who intervened in the suit, answered that the note and lien had been assigned to them by Mrs. Koller, and that before that time the note had been placed in the hands of her attorney, R. E. Pennington, for collection, and that the note was past due, and claim was filed in which the 10 per cent. attorney's fee was called for and that they had to pay the same when they took the note up from Mrs. Koller, and asked that they recover the amount due on the note, principal, interest, and attorney's fees.

Their prayer was for judgment for the sum due on the note, principal and interest, amounting to $2,698.90, and 10 per cent. on said sum as an attorney's fee, and for foreclosure of said lien.

The case was tried before the court without a jury, and judgment was rendered refusing a cancellation of the note and lien upon the payment of the principal and interest of the note without payment of the attorney's fee, as prayed for by the plaintiff, but, to the contrary, judgment was rendered in favor of Wm. Reinstein and the intervener, Anton Modrzejewski, against Ernest H. Baumgart as executor of the estate of Otto E. Baumgart, for the sum of $2,698.90, same being the amount of the principal and interest due on the note, and for 10 per cent. on said amount as an attorney's fee, and for a foreclosure of their deed of trust lien on the 76 acres of land described by metes and bounds in the judgment, for an order of sale, etc., it being recited in the judgment that, of the amount awarded, the intervener was entitled to the sum of $366.90 and the defendant Wm. Reinstein to the remainder thereof, the sum of $2,600.

From such judgment Ernest H. Baumgart, executor, has appealed.

Upon the request of appellant the court filed findings of fact and conclusions of law. The fact findings include the admission of appellant as to the execution of the note and lien and their dates, etc. The further findings and conclusions were as follows:

"2. That the said Otto E. Baumgart died testate on or about the 31st day of May,

1933, and the plaintiff herein, Ernest H. Baumgart, qualified as Independent Executor of his said estate and is now the duly qualified and acting Independent Executor of said Estate.

"3. That said note was long past due and unpaid at the time of the death of the said Otto E. Baumgart.

"4. That after the maturity of said note, the payee therein and the owner and holder thereof, Mrs. Eula Nauwerck Koller, placed said note in the hands of R. E. Pennington, an attorney at law of Washington County, Texas, for collection and the said R. E. Pennington, as such attorney, filed her claim with the plaintiff, Ernest H. Baumgart, as Executor aforesaid, which said claim called for the principal, interest and attorney's fees.

"5. That the said Eula Nauwerck Koller, joined by her husband pro forma, transferred and assigned said note, deed of trust, lien, and claim she held against the Estate of the said Otto E. Baumgart, deceased, by virtue of said note, to Anton Modrzejewski.

"6. That at the time of such transfer and assignment the said Anton Modrzejewski for himself and Wm. Reinstein paid to R. E. Pennington, as attorney for Mrs. Koller, the full amount due on said note, including the sum of $268.00 attorney's fees.

### "Conclusions of Law."

"1. By the transfer and assignment of said note, deed of trust lien and claim, the said Anton Modrzejewski, for himself and Wm. Reinstein (in trust) procured such claim and thereby acquired all the interest of its former holder, and all rights and benefits, and the same was thereupon and thereafter vested in the said Anton Modrzejewski and Wm. Reinstein.

"2. That the said Anton Modrzejewski and Wm. Reinstein are entitled to recover the full amount due on said note, principal, interest, and attorney's fees, and for a foreclosure of the Deed of Trust lien on the land."

Though we have carefully examined both the record and the entire statement of facts, we are not certain that we understand the grounds upon which counsel for appellant is asking for a reversal of the judgment. The statements and arguments made are so confusing, when applied to the facts shown, as to make it impossible for us to determine therefrom the exact nature of the complaints made of the judgment as rendered and entered.

However, appellant insists that the court erred in his fourth, fifth, and sixth findings of fact, which being unsupported by evidence constitute no grounds for the rendition of a judgment in favor of cross-plaintiffs for attorney's fees.

We overrule such contention. The note in question provides, among other things, as follows: "If this note is not paid when due and is placed in the hands of an attorney for collection, or if collected through any trusted, or by legal proceedings, then ten per cent. of the amount then due hereon shall be added as liquidated collection fees."

We think that when the statement of facts is carefully examined it discloses that the findings of fact and conclusions of law of the court are amply supported by evidence.

Having reached the conclusion above expressed, it becomes our duty to affirm the judgment, and it is accordingly so ordered.

Affirmed.